IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK BUTLER, M03292,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 22-cv-02370-SMY |
| | ) |
| **ROB JEFFREYS,** | ) |
| **DEBBIE KNUER,** | ) |
| **D. BROOKHART,** | ) |
| **JENNINGS,** | ) |
| **PUCKETT,** | ) |
| **DANIEL LEE,** | ) |
| **CONSTANTINO,** | ) |
| **ATTEBURY,** | ) |
| **and JOHN DOE,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kendrick Butler, an inmate in the custody of the Illinois Department of Corrections (IDOC) and currently incarcerated at Menard Correctional Center, filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations at Lawrence Correctional Center. The Complaint is subject to preliminary review under 28 U.S.C. § 1915A, which requires this Court to dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant. *Id*.

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 1-79): While Plaintiff was incarcerated at Stateville Correctional Center, Officer Malte Roling issued Plaintiff a disciplinary ticket. *Id*. at 28. Although it was later expunged, Roling told Plaintiff that he had "pull when you go where I came from." *Id*. Plaintiff soon transferred to Lawrence Correctional

1

Center. *Id*.

At Lawrence, Internal Affairs Officer Bianca Constantino issued two disciplinary reports for improper use of Plaintiff's Securus pin number. On January 15, 2022, Inmate Armond Williams admitted that he stole Plaintiff's pin number and used it to make phone calls in late 2021. Plaintiff later learned that this inmate attempted to introduce synthetic cannabinoids (K2) into the institution by using his pin number to call suppliers. *Id*. at 29.

Plaintiff was placed on investigative status from February 12-22, 2022. Internal Affairs refused to interview him pursuant to Department Rule (DR) 504 before charging him with possession of synthetic cannabinoids in an unsigned disciplinary report. Inmate Williams was never called for a hearing on the disciplinary tickets, and he was not allowed to testify at Plaintiff's disciplinary hearing. Plaintiff was found guilty of synthetic cannabinoids based on a field test that produced a "presumptive positive" result, although he insists that no evidence supported a finding that he or his contacts introduced K2 into the prison. Plaintiff filed grievances and appeals to challenge the disciplinary action, but Grievance Officer Doe, Warden Brookhart, and Director Jeffreys denied them. *Id*.

On or around March 11, 2022, Plaintiff was raped by Officer Constantino while she was interviewing him about recent conversations with his girlfriend. *Id*. at 34-35, 43-53. Plaintiff was forced to have sex with the officer while handcuffed. Officer Constantino later contacted Plaintiff's girlfriend and said she was pregnant with his child. Plaintiff filed a complaint against the officer under the Prison Litigation Reform Act (PREA). *Id*.

Plaintiff received 8 more disciplinary tickets after filing the grievances and PREA complaint. *Id*. at 29. Seven were for minor offenses and one was for a major offense. His due process rights were allegedly violated in connection with seven tickets. Plaintiff was denied timely

notice of the tickets, denied the opportunity to call witnesses, and subjected to punishment not listed in DR 504's Disciplinary and Sanctions Appendix. *Id*. at 32. He was punished with a total of 34 days of segregation, 6 months of contact restrictions, and 4 months of commissary restrictions. *Id*. at 56-60.

IDOC officials issued the disciplinary tickets to thwart Plaintiff's efforts to challenge his criminal conviction by contacting his family, friends, and supporters. *Id*. at 30-31. IDOC officials targeted inmates who filed grievances by issuing them false disciplinary tickets, including Director Jeffreys, Warden Brookhart, Officer Puckett, Officer Constantino, Officer Lee, Officer Wagner, and Officer Attebury. *Id*. at 32.

While in segregation, Plaintiff was denied some or all recreation, television, music, reading materials, and contacts. *Id*. at 35. His cell was mostly dark and infested with spiders, and a bird nested in the window outside his cell. *Id*.

## Preliminary Dismissals

Plaintiff mentions the following individuals in the statement of his claim but does not identify them as defendants in the Complaint: Malte Roling, Shane Gillenwater, Lieutenant Johnson, and various inmates. The Court will not treat these individuals as defendants; all claims against them are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties").

## Discussion

The Court designates the following claims in the *pro se* Complaint:

Count 1:   Defendant Constantino subjected Plaintiff to cruel and unusual punishment by sexually assaulting him on or around March 11, 2022, in violation of the Eighth Amendment.

Count 2:   Defendants deprived Plaintiff of a protected liberty interest without due process of law when they issued him 8 or more disciplinary tickets without

|  |  |
|---|---|
|  | adequate notice or the right to call witnesses and punished him with 34 days in segregation, 6 months of contact restrictions, and 4 months of commissary restrictions, in violation of the Fourteenth Amendment. |
| Count 3: | Defendants subjected Plaintiff to unconstitutional conditions of confinement in segregation, in violation of the Eighth Amendment. |
| Count 4: | Defendants interfered with Plaintiff's access to the courts by issuing him 8 or more disciplinary tickets in order to impose contact restrictions on him and thwart his efforts to challenge his criminal conviction, in violation of the First and/or Fourteenth Amendment. |
| Count 5: | Defendants retaliated against Plaintiff for filing grievances and a PREA complaint by issuing him 8 or more disciplinary tickets, in violation of the First Amendment. |

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

### Count 1

The Eighth Amendment prohibits the unnecessary and wanton infliction of pain on prisoners. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). To state a colorable Eighth Amendment claim based on conditions of confinement, a plaintiff must first describe conditions that deny the inmate the "minimal civilized measure of life's necessities," such as shelter, food, clothing, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Secondly, a plaintiff must set forth facts suggesting the defendant exhibited deliberate indifference to a substantial risk of harm to his health or safety. *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006).

Plaintiff's allegations satisfy both inquiries at screening. Specifically, Constantino's alleged conduct in forcing Plaintiff to have sex while he was handcuffed and under investigation, lacks penological justification and supports a deliberate indifference claim against her. Therefore, Count 1 survives screening against this officer.

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

When analyzing a claim for the denial of due process in the context of prison disciplinary proceedings, the court considers: (1) whether there was a protected interest at stake that necessitated due process protections in the first place; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). The right to due process is not triggered without a protected interest.

Plaintiff's allegations do not suggest that a protected interest was at stake. Plaintiff complains that he was punished with a total of 34 days in segregation, 4 months of commissary restriction, and 6 months of contact restrictions for all of his disciplinary tickets. But Plaintiff's 34 days in segregation is too short to implicate a protested liberty interest, in the absence of an atypical and significant hardship. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *See also Thomas v. Ramos,* 130 F.3d 754, 761 (7th Cir. 1997) (70 days); *Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir. 2005) (90 day); *Beamon v. Pollard,* 711 F. App'x 794, 795 (7th Cir. 2018) (135 days); *Hardaway v. Meyerhoff*, 734 F.3d 740, 745 (7th Cir. 2013) (182 days). *But see Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 (7th Cir. 2009) (240 days).

The Complaint does not describe an atypical and significant hardship Plaintiff was subjected to while in segregation. While he complains of restrictions on his access to commissary, recreation, television, reading materials, and outside contacts, and exposure to excessive darkness, spiders, and a bird's nest, he describes no illness or ailments that he suffered as a result of these conditions. He also describes limitations, not absolute deprivations, in several instances (*i.e.*, recreation, reading materials, lighting, and contacts). These conditions give rise to no protected liberty interest. *See Thomas v. Ramos,* 130 F.3d at 762 n.8 (no protected liberty interest implicated in loss of certain privileges and demotion to C-grade); *Vasquez v. Braemer,* 586 F. App'x 224, 228

(7th Cir. 2014) (no constitutional violation where inmate was limited to 2 showers and 4 hours of outside recreation per week).

Because Plaintiff does not sufficiently allege he was deprived of a protected liberty interest while in segregation, his right to due process protections at his prison disciplinary hearings was not triggered. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). Therefore, Count 2 will be dismissed without prejudice for failure to state a claim against the defendants.

### Count 3

An Eighth Amendment claim based on unconstitutional conditions of confinement arises from a prison official's deliberate indifference to conditions that pose a substantial risk to an inmate's health or safety. *Collins v. Seeman*, 462 F.3d at 760. Conditions that are merely inconvenient, uncomfortable, or unpleasant do not support a claim. *Id*.

Plaintiff describes conditions that were not ideal, including limitations on commissary, recreation, television, reading materials, and cell lighting. He even describes conditions that potentially pose a health risk, such as the presence or spiders or birds outside his cell. However, he sets forth no allegations suggesting that he became ill during or after his exposure to these conditions. Moreover, he names no defendants who were on notice of these conditions and exhibited deliberate indifference to them. Count 3 will therefore be dismissed without prejudice for failure to state a claim against the defendants.

### Count 4

Convicted persons have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). A claim for denial of access to the courts consists of two elements. *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, a plaintiff must show that officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d

at 268 (quoting *Bounds*, 430 U.S. at 828). Second, the plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Id*.

Plaintiff alleges the defendants issued him disciplinary tickets in order to interfere with his outside communications with family, friends, and supporters and thwart his efforts to challenge his criminal conviction. However, he does not allege that officials knew he would use his phone calls for this purpose or complain of interference with attorney phone calls. He refers to no actual or pending litigation that he was unable to pursue, and he mentions no contemplated or actual claims that were lost as a result of his contact limitations.

Count 4 is undeveloped and will be dismissed without prejudice for failure to state a claim against the defendants.

**Count 5**

Prison officials may not retaliate against inmates for exercising their First Amendment rights by filing grievances or complaining about the conditions of their confinement. *Manuel v. Nalley*, 966 F.3d 678, 680 (7th Cir. 2020). To articulate a retaliation claim, a plaintiff must sufficiently allege that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter future First Amendment activity; and (3) his First Amendment activity was "at least a motivating factor" in the defendant's decision to take retaliatory action against him. *Douglas v. Reeves*, 964 F.3d 643, 646 (7th Cir. 2020) (citing *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)).

Plaintiff has not alleged a prima facie case of retaliation. At this stage, he is required to describe the gist of his claims against each individual along with supporting facts. Plaintiff relies on broad allegations of retaliation against a large group of IDOC officials who played some poorly defined role in issuing him 8 or more disciplinary tickets. These overly generalized allegations are insufficient

to articulate a single plausible claim against anyone at this stage. *Ashcroft v. Iqbal,* 556 U.S. 661, 678 (2009). Count 5 will therefore be dismissed without prejudice against the defendants.

### Disposition

The Complaint (Doc. 1) survives screening pursuant to 28 U.S.C. § 1915A, as follows: **COUNT 1** will proceed against Defendant **CONSTANTINO**, in an individual capacity.

However, **COUNTS 2, 3, 4,** and **5** are **DISMISSED without prejudice** for failure to state a claim. **ALL DEFENDANTS**, except Defendant Constantino, are **DISMISSED without prejudice**, and the Clerk's Office is **DIRECTED** to **TERMINATE** them as parties in CM/ECF.

The Clerk shall prepare for Defendant **CONSTANTINO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant Constantino's place of employment as identified by Plaintiff. If Defendant Constantino fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant Constantino, and the Court will require Defendant Constantino to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant Constantino cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant Constantino's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendant Constantino is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244 and Local Rule 8.2, Defendant need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:   December 13, 2023           *s/ Staci M. Yandle*
                                      **STACI M. YANDLE**
                                      **United States District Judge**

9

## Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendant of your lawsuit and serve him or her with a copy of your Complaint. After service has been achieved, Defendant will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** *from the date Defendant is served with this lawsuit* to receive the Defendant's Answers, but it is entirely possible that it will take **90 days** or more. When Defendant has filed an Answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendant before filing any motions, to give the Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.