UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KENDRICK BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-02370-SMY-GCS |
| | ) |
| BIANCA COSTANTINO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Pending before the Court are Plaintiff's Third Motion to Compel and Motion for Sanctions. (Doc. 51, 52). Plaintiff's motions were filed on July 10, 2024, and both were referred to the undersigned from District Judge Staci M. Yandle on July 12, 2024. (Doc. 53). The undersigned directed Defendant to respond to Plaintiff's motions on July 16, 2024. (Doc. 54). Defendant timely filed a Response to both Motions on July 30, 2024. (Doc. 55). For the reasons delineated below, the Court **DENIES** Plaintiff's Third Motion to Compel and Motion for Sanctions. (Doc. 51, 52).

### BACKGROUND

Plaintiff, Kendrick Butler ("Butler"), an inmate in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Hill Correctional Center filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations while he was housed at Lawrence Correctional Center ("Lawrence"). (Doc. 1). After preliminary review under 28 U.S.C. § 1915A, only Plaintiff's allegations against

Defendant Bianca Costantino, in her individual capacity, were allowed to proceed. (Doc. 18, p. 8).

In his Complaint, Plaintiff alleges that he was raped by Defendant Costantino during an internal affairs investigative interview. (Doc. 1, p. 34-35). Costantino previously issued two disciplinary reports on Plaintiff for improper use of his Securus pin number. *Id.* at p. 29. On January 15, 2022, a fellow inmate admitted to Plaintiff that he had stolen his pin number and used it to make phone calls at the end of 2021. *Id.* Plaintiff later learned that this inmate had attempted to introduce synthetic cannabinoids (K2) into the institution by using Plaintiff's Securus pin to call suppliers. *Id.* Plaintiff was placed on investigative status from February 12-22, 2022. *Id.* However, Internal Affairs did not interview Plaintiff prior to charging him with possession of synthetic cannabinoids in an unsigned disciplinary report. *Id.* Plaintiff was later found guilty of this charge based on a field test that produced a "presumptive positive" result. *Id.* Plaintiff contests the results of the field test. *Id.* Moreover, Plaintiff takes issue with the fact that the inmate who confessed to using his Securus Pin was not permitted to testify at his disciplinary hearing and was never issued any disciplinary tickets for his conduct. *Id.*

Plaintiff alleges that Costantino raped him in March 2022 during an investigative interview regarding recent conversations he was having with his girlfriend. (Doc. 1, p. 34-35; Doc. 18, p. 2). Costantino reportedly conducted the interview alone and indicated to Plaintiff that she was part a scheme to redistribute K2 at the facility. (Doc. 1, p. 34-35). Plaintiff claims that Costantino knew that he was having issues in his relationship with his girlfriend and used this information along with her position of authority to persuade

him to join the scheme. *Id.* During the interview, Plaintiff was allegedly forced to have sex with Costantino while he was handcuffed. *Id.*

After the incident, Plaintiff filed a complaint against Costantino under the Prison Rape Elimination Act ("PREA"), and he received eight additional disciplinary tickets after his PREA complaint was filed. (Doc. 1, p. 34-35). The Court found that the claims against Costantino satisfied the requirements for a colorable Eighth Amendment Claim. (Doc. 18, p. 4). Specifically, the Court found that "Costantino's alleged conduct in forcing Plaintiff to have sex while he was handcuffed and under investigation lacks penological justification and supports a deliberate indifference claim against her." *Id.*

Defendant Costantino did not file a timely Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Doc. 47). Therefore, the Court found that "Costantino's affirmative defense based on Plaintiff's failure to exhaust" was waived. *Id.* A merits based scheduling order was subsequently issued on June 21, 2024, indicating that discovery is due on April 21, 2025, and dispositive motions are due on May 21, 2025. (Doc. 48).

## LEGAL STANDARDS

The Court has broad discretion in discovery matters, including ruling on motions to compel. *See James v. Hyatt Regency Chicago*, 707 F.3d 775, 784 (7th Cir 2013). Under Federal Rule of Civil Procedure Rule 37(a)(1), a party, "[o]n notice to other parties . . . may move for an order compelling disclosure or discovery." FED. RUL. CIV. PROC. 37(a)(1). Specifically, if a party fails to make a disclosure under Rule 26(a), then another party may move to compel disclosures and for an appropriate sanction. *Id.* The motion must include

a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery so as to obtain it without court action. *Id.*; *see also* SDIL Local Rule 26.1(c)(2).

Generally, parties are permitted to obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. *See* FED. RUL. CIV. PROC. 26(b)(1). Courts may refuse discovery of matters that are "of 'marginal relevance,'" and it is the assessment of proportionality that is essential. *See Motorola Solutions, Inc. v. Hytera Communications Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019) (citation to internal quotations omitted). *See also Armour v. Santos*, Case No. 19-cv-678-RJD, 2022 WL 16572006, at *2 (S.D. Ill. Nov. 1, 2022) (stating "relevancy" is broadly construed to encompass matters bearing on, or reasonably leading to matters bearing on, issues in the case, and "proportionality" requires a common sense, experiential, careful, and realistic assessment of the actual need).

Both the Court's inherent powers as well as the Federal Rules of Civil Procedure give the Court the authority to sanction a party for failure to preserve evidence. *See* FED. RUL. CIV. PROC. 37(e); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991); *SEC v. First Choice Management Services, Inc.*, 678 F.3d 538, 543 (7th Cir 2012). A motion for discovery sanctions can be made when a party either destroys or fails to preserve evidence which it controls and which it could reasonably foresee to be material to a potential lawsuit. *See Porche v. Oden*, No. 02 C 7707, 2009 WL 500622, at *3 (N.D. Ill. Feb. 27, 2009) (citing FED. RUL. CIV. PROC. 37(c)(1)). The purpose of such sanctions is to prevent abuses of the judicial system and to promote the efficient administration of justice. *See Barnhill v. United States*,

11 F.3d 1360, 1367 (7th Cir. 1993). To find that sanctions for spoilation are appropriate, the Court must find the following: (1) that there was a duty to preserve the specific documents and/or evidence, (2) that the duty was breached, (3) that the other party was harmed by the breach, and (4) that the breach was caused by the breaching party's willfulness, bad faith, or fault. *See Langley by Langley v. Union Electric Co.*, 107 F.3d 510, 515 (7th Cir. 1997) (internal citations omitted).

## DISCUSSION

**A.      Plaintiff's Motion to Compel**

Plaintiff seeks to compel responses to his discovery requests. (Doc. 51). Plaintiff asserts that his first request for production submitted in March 2024, his first set of interrogatories submitted in April 2024, and his request for admissions submitted in May 2024 all went unanswered by Defendant Costantino. (Doc. 51, p. 1-2).

Defendant points out that Plaintiff served these requests while discovery was stayed. (Doc. 32, p. 5). Defendant also notes that Plaintiff has made no further attempt to communicate with her attorney since the stay was lifted on June 21, 2024. (Doc. 55, p. 1). Additionally, Defendant's attorney stated that he has had difficulty meeting with his client to review the responses to Plaintiff's discovery request due to scheduling conflicts within his existing caseload and because Defendant Costantino had been on maternity leave. *Id.* However, Defendant's counsel was recently able to review Plaintiff's discovery requests and the draft discovery responses with Defendant Costantino on July 29, 2024. *Id.* Defendant's counsel has assured the Court that the discovery responses would be "mailed to Plaintiff within coming days." *Id.*

Given these circumstances and Defendant's assurances of disclosure, the Court believes than an order compelling production is unnecessary at this time, and Plaintiff's Third Motion to Compel is **DENIED**. (Doc. 51).

**B.     Plaintiff's Motion for Sanctions**

Plaintiff moved separately for a Motion for Sanctions arguing that Defendant Costantino had engaged in spoilation of evidence. (Doc. 52). Plaintiff first asserts that Costantino is hiding an "incident report" concerning the disciplinary ticket that led to his investigative interview with her. (Doc. 52, p. 1-2). However, Defendant argues that the incident report is not relevant to Plaintiff's allegations as the report concerns a portion of the investigation process outside of the interview where the alleged sexual assault took place. (Doc. 55, p. 2). As an initial matter, this request is more appropriate for a motion to compel disclosure, rather than a motion for sanctions. The evidence apparently exists and has not been destroyed. Plaintiff has requested the report, and Defendant has objected to its disclosure on the grounds of relevance. While the report itself may not include information about the alleged rape, it may contain details that lend support to Plaintiff's allegations regarding the purported K2 scheme at the facility. The report also could provide some insight into the interactions between Plaintiff and Costantino, which could provide some additional context to the alleged rape. Accordingly, the Court finds it appropriate to compel disclosure and order Defendant to allow Plaintiff to inspect a redacted copy of the report. However, to the extent Plaintiff is seeking a sanction for the non-disclosure of the report, the Court DENIES Plaintiff's motion.

Plaintiff next asserts that Defendant "destroyed key audio and visual surveillance

[which] demonstrated (1) that . . . Costantino took advantage of Plaintiff['s] vulnerability & (2) that . . . Costantino & others all harassed . . . Plaintiff when they walked through the dormitory during July 2022." *Id.* at p. 2. In response, Defendant states that no audio or video surveillance of the internal affairs interview exists. (Doc. 55, p. 2). Defendant notes that it is "standard policy for interviews in Internal Affairs Investigations at Lawrence Correctional Center [not to audio or video record interviews] to ensure the safety of the individuals in custody who may provide information to Internal Affairs Officers." *Id.*

As Defendant points out, no spoilation of evidence can occur for non-existent evidence. (Doc. 52). As to any video footage of Costantino and others "harassing" Plaintiff on the cell block in July 2022, the Court finds that such evidence is not relevant to Plaintiff's rape allegations against Defendant, as it occurred months after the alleged sexual assault. As Plaintiff has failed to demonstrate that any spoilation of evidence has taken place, the Court DENIES Plaintiff's Motion for Sanctions. (Doc. 52).

## Conclusion

For the foregoing reasons, Plaintiff's Third Motion to Compel and Plaintiff's Motion for Sanctions are **DENIED**. (Doc. 51, 52). However, the Court **GRANTS** Plaintiff's request for disclosure of an "incident report" allegedly authored by Defendant concerning the disciplinary ticket that led to Plaintiff's investigative interview with Defendant. Defendant may make appropriate redactions, and Plaintiff must be allowed to inspect the report within 45 days of the entry of this Order. However, given the sensitive nature of this report, Plaintiff will only be allowed to inspect the incident report. He may not keep or possess a copy of this incident report.

**IT IS SO ORDERED.**

**DATED: August 19, 2024.**

Digitally signed by Judge Sison
Date: 2024.08.19 08:42:55 -05'00'

_____
**GILBERT C. SISON**
**United States Magistrate Judge**