IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK BUTLER, #M-03292,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|    v. ) | Case No. 22-cv-02370-SMY |
| ) | |
| **BIANCA COSTANTINO,** ) | |
| ) | |
| ) | |
|    **Defendant.** ) | |

## MEMORANDUM AND ORDER

**Yandle, District Judge**:

Plaintiff Kendrick Butler, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations. This matter is before the Court on Butler's motion for entry of default (Doc. 65) related to his motion to compel (Doc. 51). Defendant Bianca Costantino filed a response (Doc. 73).

## Background

On March 14, 2024, the Court entered an Initial Scheduling and Discovery Order in this lawsuit which required Defendant Costantino to serve Initial Disclosures on Plaintiff on or before April 4, 2024 (Doc. 32). Costantino did not file a timely motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 47). Subsequently, the Court entered a second scheduling order (Doc. 48).

On July 10, 2024, Butler filed a motion to compel, claiming Costantino failed to respond to his discovery requests from April and May 2024 (Docs. 51). On July 30, 2024, Costantino filed a response stating the requested discovery would be "mailed to Plaintiff within coming days." (Doc. 55). Given Costantino's assurance of disclosure, the Court denied Butler's motion

to compel (Doc. 57).[1]

By August 27, 2024 (28 days after Costantino's assurance), Butler had not received the requested discovery. Consequently, he filed a motion objecting to the order denying his motion to compel and a motion for entry of default due to Costantino's failure to comply with discovery requests (Docs. 61, 65). On September 9, 2024, Magistrate Judge Sison granted Butler's objection and ordered Costantino to submit the discovery responses by September 13, 2024 (Doc. 69). Costantino served the responses on September 13, 2024, along with a statement of compliance (Doc. 72).

## Discussion

Under Federal Rule of Civil Procedure 37, district courts have the power to impose appropriate sanctions for violations of discovery orders. Rule 37(b)(2)(A) provides for the following sanctions for a party failing to obey a court order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Despite Constantino's assertion that a default judgment is inappropriate under Rule 55 (Doc. 73, p. 2), Rule 37(b) permits sanctions "rendering a default judgment against the

---

[1] On July 12, 2024, the Court referred the discovery dispute to Magistrate Judge Gilbert Sison (Doc. 53).

disobedient party." However, default judgment is a severe sanction and is only justified where it is proportional to the discovery violation and where lesser sanctions would be inappropriate. *See Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003).

Here, default judgment is not warranted. Although Constantino did not serve the discovery responses on time, the discovery deadline is not until April 2025, and Constantino eventually complied with the court order. And Butler has not demonstrated why lesser sanctions would be ineffective. Given that there remains substantial time for discovery, a default judgment would be excessively harsh at this stage of the case.

## Conclusion

Accordingly, Butler's Motion for Entry of Default (Doc. 65) is **DENIED**. However, Defendant is cautioned that any subsequent failure to comply with discovery could result in sanctions, including the potential entry of default judgment.

**IT IS SO ORDERED.**

**DATE: October 9, 2024**

**STACI M. YANDLE**
**United States District Judge**