IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **KENDRICK BUTLER, #M03292** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2370-SMY |
| | ) |
| **BIANCA CONSTANTINO,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Kendrick Butler, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 alleging constitutional rights violations. Plaintiff's Appeal of Magistrate Judge Sison's Order on Plaintiff's motion for sanctions (Doc. 75) is now before the Court for consideration[1].

After preliminary review of Butler's Complaint pursuant to 28 U.S.C. §1915A, Butler's sexual assault claim against Defendant Bianca Costantino was allowed to proceed (Doc. 18, p. 8). Butler alleges that Constantino raped him during an internal affairs investigative interview while he was handcuffed (Doc. 1, pp 34–35).

On July 10, 2024, Butler filed a motion for sanctions, arguing that during discovery, Costantino concealed an incident report related to the interview and destroyed key audio and visual surveillance from the scene (Doc. 52). Responding in opposition to Butler's motion,

---

[1] On September 18, 2024, Butler filed a "MOTION FOR COURT INSPECTION OF LAWRENCE CORRECTIONAL CENTER DORM[I]TORY HOUSING UNIT & INTERNAL AFFAIRS INTERVIEW ROOMS." (Doc. 75). In his motion, Butler contends his "motion for [s]anctions & [] spoilation of Evidence should be reconsidered" following the Magistrate Judge's ruling (*Id.*, p. 2). The Court interprets this request as an appeal to the Magistrate Judge's decision.

Constantino argued the incident report was irrelevant to Butler's allegations and denied the existence of any audio or video surveillance at the location of the alleged sexual assault (Doc. 55).

After considering the parties' arguments, Magistrate Judge Sison granted Butler's request for disclosure of the incident report (Doc. 57).  However, based on Costantino's assertion that it is "standard policy for interviews in Internal Affairs Investigations at Lawrence Correctional Center [not to audio or video record interviews] to ensure the safety of the individuals in custody who may provide information to Internal Affairs Officers",  Judge Sison concluded no spoilation of evidence occurred.

Under Local Rule 73.1(a) of the Southern District of Illinois and Federal Rule of Civil Procedure 72(a), a district judge to whom the case is assigned may modify or set aside any portion of the magistrate judge's decision if the decision is "clearly erroneous or contrary to law."  Fed.R.Civ.P. 72(a).  A decision is clearly erroneous when, on the entire record, the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Weeks v. Samsung Heavy Indus*. Co., 126 F.3d 926, 943 (7th Cir. 1997).

Here, a review of the record reveals no basis for reversing Judge Sison's rulings.  Judge Sison correctly determined that no spoilation of video surveillance took place.  While Butler contends that an investigator attempted to retrieve video footage but found "the timeframe for the surveillance footage had expired", suggesting such footage once existed, absent more than Butler's speculation, Judge Sison's finding that the expired footage was unrelated to the investigative interview was neither clearly erroneous nor contrary to law.

For the foregoing reasons, the Court concludes that Judge Sison's rulings were proper and within the bounds of reasonable discretion. Accordingly, Plaintiff's appeal is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** November 8, 2024

**STACI M. YANDLE**
**United States District Judge**